UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE G. KINNEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>　　　　　　Defendant. | CASE NO. C16-5777<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF |

　　　　This matter comes before the Court on the Central Intelligence Agency's ("Defendant") motion for relief from providing initial disclosures, conducting a discovery conference, and filing a joint status report. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

## I. BACKGROUND

　　　　On September 12, 2016, Leslie G. Kinney ("Plaintiff") filed a complaint before this court. Dkt. 1. Plaintiff alleges that Defendant has wrongfully refused to provide information pursuant to a request under the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"). *Id.* On September 14, the Court issued an order regarding initial

ORDER - 1

disclosures, setting a deadline for the parties' discovery conference under Fed. R. Civ. P. 26(f), and requiring that the parties submit a joint status report. Dkt. 4. On December 20, 2016, Defendant answered the complaint. Dkt. 6.

On January 19, 2017, Defendant moved for relief from its obligations to provide initial disclosures, conduct a discovery conference, or submit a joint status report. Dkt. 8. On January 27, 2017, Plaintiff responded. Dkt. 9. On January 30, 2017, Defendant replied. Dkt. 11.

## II. DISCUSSION

Defendant requests that the Court discharge its duties of (1) conducting a Discovery Conference and preparing a Joint Status Report as required by Fed. R. Civ. P. 26(f) and W.D. Wash. Local Rule LCR 16(a), and (2) providing initial disclosures as required by Fed. R. Civ. P. 26(a)(1). *See* Dkt. The Court grants Defendant's motion in part and denies it in part.

**A.  Discovery Conference and Joint Status Report**

Although Defendant requests that it be relieved of conducting a discovery conference or filing a joint status report, it fails to provide any basis upon which such relief should be granted. In fact, the discovery conference required by Rule 26(f) is specifically intended to contemplate the requirement of initial disclosures under Rule 26(a), in addition to any other protective orders or limitations that the Court should consider under Rule 26(c). Fed. R. Civ. P. 26(f)(3)(A), (f)(3)(F). Rule 26(f) also requires that the parties assess the "subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases . . . ." Fed. R.

Civ. P. 26(f)(3)(B). Moreover, Defendant lacks any basis to fear improper discovery prior to discussing these issues with Plaintiff, as discovery is prohibited prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Had Defendant simply fulfilled its obligation to confer with Plaintiff under Rule 26(f), it appears very likely that its concerns could have been resolved without requiring any Court intervention. Accordingly, the Court denies Defendant's request for relief from conducting a Rule 26(f) discovery conference and filing a joint status report, as required by the Court's previous order. *See* Dkt. 4.

**B.     Initial Disclosures**

Defendant also requests that the Court relieve the parties of their obligation to provide initial disclosures under Federal Rule of Civil Procedure 26(a)(1). *See* Dkt. 8. To support its motion, the Defendant cites Rule 26(a)(1)(B)(i). Plaintiff opposes the motion, arguing that this case is not exempt from initial disclosures because Rule 26(a)(1)(B)(i) does not apply to FOIA claims. *See* Dkt. 9.

Regarding the applicability of Fed. R. Civ. P. 26(a)(1)(B)(i), the Court agrees with Plaintiff. Defendant has failed to provide, and the Court is unaware of, any authority to suggest that FOIA claims are exempt from initial disclosures as "an action for review of an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i). Also, Defendant has failed to show, or even allege, that FOIA requests generate an administrative record from which a plaintiff could appeal. Nonetheless, an action may be "exempted [from the initial disclosure requirement] by Rule 26(a)(1)(B) *or as otherwise stipulated or ordered by the court*." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). The Court has "wide latitude in controlling discovery." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).

While this issue could easily have been resolved by the parties upon stipulation had Defendant properly participated in a Rule 26(f) conference, it is presently before the Court. Both parties have been afforded an adequate opportunity to address whether initial disclosures are appropriate. Therefore, having reviewed the parties' briefs, the Court grants Defendant's motion for relief from the Rule 26(1)(a) initial disclosure requirement.

It is well established that "in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane*, 523 F.3d at 1134. In this case, in order to identify a specified individual as an intelligence source for the CIA, Plaintiff seeks potentially classified CIA documents that are almost certainly exempt from FOIA disclosure. *See* 50 U.S.C.A. § 3024(g)(1)(D); 5 U.S.C. § 552(b)(3), (b)(5). Although Plaintiff is correct that the requested documents are likely quite old, the mere passage of time does not mean that these documents are no longer exempt from FOIA requests. *Berman v. C.I.A.*, 501 F.3d 1136, 1145 (9th Cir. 2007). Therefore, because this case potentially implicates highly sensitive information, and because it is likely to be resolved on summary judgment, the Court finds it prudent to relieve Defendant of its initial disclosure obligations under Rule 26(a). To the extent that discovery may be required prior to summary judgment in order to "investigate the scope of the agency search for responsive documents," *see Pub. Citizen Health Research Group v. F.D.A.*, 997 F. Supp. 56, 72 (D.D.C. 1998), the parties shall discuss this (and any similar) issue in their 26(f) conference. *See* Fed. R. Civ. P. 26(f)(3)(B).

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion (Dkt. 8) is **GRANTED in part** and **DENIED in part**. Defendant is relieved from its obligation to provide initial disclosures. The parties shall promptly conduct a discovery conference pursuant to Fed. R. Civ. P. 26(f) and submit a joint status report as previously ordered by the Court. *See* Dkt. 4.

Dated this 22nd day of February, 2017.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge